UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Lee McFadden, # 346693, | ) C/A No. 5:12-1486-TLW-KDW |
| Petitioner, | ) |
| v. | ) Report and Recommendation |
| Warden, Ridgeland Correctional Institution, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## FACTUAL AND PROCEDURAL BACKGROUND

This is Petitioner's initial § 2254 Petition challenging a 2011 burglary conviction entered on a jury verdict in Florence County June 27, 2011. ECF No. 1. According to the allegations in the Petition as supplemented by Petitioner's Answers to the Court's Special Interrogatories, ECF No. 13, Petitioner did not file a direct appeal following the conclusion of his burglary trial, and his initial application for post-conviction relief ("PCR"), which he filed pro se, was considered on the merits and dismissed on motion of the State on February 15, 2012, *id.*; Pet. 2-3. This habeas corpus action is deemed to have been filed on May 31, 2012, when he deposited it into the prison mail for transmittal to this court. *Houston v. Lack*, 487 U.S. 266, 271 (1988) (noting pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district

court). Petitioner's sole ground for habeas corpus relief that is raised in his Petition is that there was a "violation of the Fourth Amendment" in connection with the entry of the arrest warrant in his Florence county burglary case. Pet. 5. He acknowledges on the face of the Petition that he did not raise this ground before a state of South Carolina court in either a direct appeal or in his PCR case. *Id*. The relief requested is "release from prison." *Id*. at 14.

### INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

2

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## **LEGAL ANALYSIS**

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner did not fully exhaust his state court remedies before filing the Petition. With respect to his 2011 Florence County conviction and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (noting exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975) (noting exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973)(citing *Braden*). Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c).

This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276. However, as noted above, Petitioner acknowledges that he did not file a direct appeal following his conviction and that he did not file an appeal (petition for writ of certiorari) following the dismissal of his PCR case. As a result, the ground for habeas relief raised in the Petition filed in this case has not yet been considered and addressed by courts of the state of South Carolina.

4

Because Petitioner failed to file a direct appeal within the time permitted by South Carolina law, it is possible that he may be able to receive belated appellate review if a post-conviction court finds that the deprivation of the direct appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. *See*, *e.g.*, *Sumpter v. State*, 439 S.E.2d 842 (S.C. 1994); *Sims v. State*, 438 S.E.2d 253 (S.C. 1993); *Gossett v. State*, 388 S.E.2d 804, 805-07 (S.C. 1990); *Davis v. State*, 342 S.E.2d 60 (S.C. 1986); *White v. State*, 208 S.E.2d 35 (S.C. 1974). To seek a belated appeal, Petitioner should file a PCR application in the Court of Common Pleas for Florence County, specifically asking the court to grant him a belated appeal. The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10, *et seq.*, is a viable state-court remedy. *Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977). Petitioner can obtain PCR forms from the Clerk of Court for Florence County, or from the South Carolina Attorney General's Office, whose mailing address is Post Office Box 11549, Columbia, South Carolina 29211.

If Petitioner files a PCR application seeking a belated appeal so that he can raise his Fourth Amendment claim, but if that belated appeal or equivalent post-conviction relief is later denied by the Court of Common Pleas for Florence County, he *must* then seek state appellate review of that PCR denial before he can be said to have exhausted his available state remedies, and he must complete the state review process before coming back to this court to seek federal habeas corpus relief. Review of PCR denials is sought in state appellate courts by way of petition for writ of certiorari as provided under South Carolina Appellate Court Rule 227 and Section 17-27-100 of the

South Carolina Code of Laws.[1]  Such review must be sought and completed by a state prisoner; otherwise, federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default.  *See Whitley v. Bair*, 802 F.2d 1487, 1500 n.27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-54 (4th Cir. 1984); *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

Because it is clear from the face of the pleadings in this case that Petitioner has several viable state court remedies (direct appeal, second PCR, appellate review of PCR) that have not been fully utilized, this court should not keep this case on its docket while Petitioner is exhausting his state remedies.  *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D. N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

---

[1] After filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 227(l).  If the case is transferred to the Court of Appeals, that is the final step that Plaintiff must take in order to fully exhaust his state court remedies under § 2254. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (after review of a conviction by the Court of Appeals, no need to go through another petition for writ of certiorari to state supreme court under SCACR 226 to fully exhaust state remedies in federal habeas actions); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S. E. 2d 454 (S.C. 1990) (same; rule applies in both criminal appeals and post-conviction relief cases).

October 9, 2012                                          Kaymani D. West
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).